UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MANJINDER SINGH,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No.: 26-cv-295-RSH-BJW

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT**

[ECF No. 10]

Before the Court is petitioner Manjinder Singh's motion to enforce judgment. ECF No. 10. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies Petitioner's motion.

## I. BACKGROUND

On January 17, 2026, petitioner Manjinder Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner asserted that he was detained under 8 U.S.C. § 1226(a) and requested his immediate release or that a bond hearing be held pursuant to "8 U.S.C. § 1226(a) or the Due Process Clause." ECF No. 1 at 15. On January 30, 2026, Respondents filed a return acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing

be held pursuant to 8 U.S.C. § 1226(a).” ECF No. 5 at 2. On February 2, 2026, the Court granted the petition and directed Respondents “to arrange a bond hearing for petitioner Manjinder Singh before an immigration court pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this order.” ECF No. 6 at 1–2.

A bond hearing was held before an immigration judge on February 5, 2026. At the hearing and in a later written decision, the immigration judge denied Petitioner’s request for bond, finding that Petitioner posed a flight risk and a danger to the community. Case No. 26-cv-3703-RSH-BJW, ECF No. 5-1, Exs. 2–3.

On June 24, 2026, Petitioner filed a second habeas petition in this District. *See Singh v. Marrero*, No. 26-cv-3703-RSH-BJW (S.D. Cal.). In that action, Petitioner challenged the revocation of his release on recognizance, alleged that his detention violated 8 U.S.C. § 1231(a)(6), and asserted an Administrative Procedure Act claim based on his continued detention. Case No. 26-cv-3703-RSH-BJW, ECF No. 1 ¶¶ 46–70.

On July 10, 2026, the Court denied the petition. As to Petitioner’s challenge to the revocation of his release, the Court concluded that Petitioner had provided no explanation or evidence concerning the circumstances of the revocation and had failed to address the immigration judge’s determination that he was a flight risk and a danger to the community. The Court further concluded that Petitioner had not explained how § 1231(a)(6) had been violated and that his Administrative Procedure Act claim failed because he had already received a bond hearing, notwithstanding his disagreement with the result and his pending appeal to the Board of Immigration Appeals (“BIA”). Case No. 26-cv-3703-RSH-BJW, ECF No. 6 at 2–4.

Shortly thereafter, on July 23, 2026, Petitioner, now represented by different counsel, filed the instant motion to enforce judgment. ECF Nos 9, 10.

## II. ANALYSIS

Petitioner asserts that the instant Motion is “not an attempt to relitigate the second habeas petition or to seek ordinary appellate review of a discretionary bond denial,” but rather seeks enforcement of the Court’s February 2, 2026 judgment on the ground that the

February 5, 2026 bond hearing "did not provide the process required by due process and by the Court's prior order." ECF No. 10 at 6–7.

The substance of the Motion, however, belies this characterization. In his Petition in this action, Petitioner requested that the Court either release him or "provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause." ECF No. 1 at 15. In granting the petition, the Court directed Respondents "to arrange a bond hearing for petitioner Manjinder Singh before an immigration court pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this order." ECF No. 6 at 1–2. A bond hearing was held on February 5, 2026. Case No. 26-cv-3703-RSH-BJW, ECF No. 5-1, Exs. 2–3.

Petitioner argues that the immigration judge applied the incorrect burden of proof at this hearing, relied on insufficient evidence of dangerousness and flight risk, failed to give adequate weight to evidence favorable to Petitioner, and did not sufficiently consider alternatives to detention or Petitioner's ability to pay. ECF No. 10 at 15–22. These arguments, however, reflect disagreement with the immigration judge's decision; Petitioner does not adequately explain how they reflect a failure by Respondents to comply with the Court's February 2, 2026 judgment.

In any event, Petitioner has not exhausted his available administrative remedies with respect to these claims. The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488

F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

Here, Petitioner does not dispute that his appeal before the BIA remains pending. ECF No. 10 at 5. He nevertheless contends that exhaustion is unnecessary because the Motion is predicated on Respondents' "noncompliance" with the Court's order. *Id.* at 21. As explained above, however, Petitioner's objections are directed to the immigration judge's bond determination. The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Consistent with *Leonardo*, the Court declines to consider these claims before the BIA has had an opportunity to address them.

## III. CONCLUSION

For the reasons set forth above, Petitioner's motion to enforce is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Hon. Robert S. Huie
United States District Judge